EAST TENN., VA. & GA. RAILWAY CO. *v.* BOARDMAN.

It appearing from the allegations of the plaintiff's declaration, that the obstructions which had been placed by the defendant in the alleged streets were common nuisances, affecting not only herself but the public generally; that no injury was thereby done to her in which the public, as such, did not share; and there being no allegation of any special injury or damage to her property, no legal cause of action was set forth, and the court erred in not sustaining the demurrer to the declaration.

July 8, 1895.

Action for damages. Before Judge LUMPKIN. Fulton superior court. September term, 1894.

DORSEY, BREWSTER & HOWELL, for plaintiff in error.

THOMAS & THOMAS and BROYLES & SON, *contra.*

LUMPKIN, Justice.

An action for damages was brought by Julia Boardman against the East Tennessee, Virginia and Georgia Railway Company. The court overruled a demurrer to

the plaintiff's declaration, and the defendant excepted. The case made by the declaration was, in brief, substantially as follows: In the year 1854, Doane and Johnson owned a lot of land in Fulton county. They surveyed and platted this land into blocks, subdividing the blocks into lots, and leaving streets and alleys around each block. This plat was generally known and called "the Doane and Johnson survey." In the year above mentioned, these owners of the land caused an auction sale of the lots to be made on the premises, at which sale were distributed copies of the plat representing the survey which had been made, and the lots were then and there sold with reference to such survey. These lots were afterwards again subdivided, and the plaintiff is now the owner of several of the smaller lots resulting from this subdivision. At the time of the auction sale, none of this property was within the city of Atlanta; and though afterwards the corporate limits were so extended as to embrace it, the city has never accepted nor assumed to take charge of the streets through the property, as represented upon the plat. The defendant company bought a portion of the land embraced in the original survey, and has erected around it a fence, thereby, to the plaintiff's damage, obstructing the streets as originally laid out and platted. The vendor of the company, in his conveyance to it, expressly excepted and reserved therefrom such portions of the streets shown by the Doane and Johnson survey as were embraced within the limits of the defendant's purchase. The city has never worked, nor pretended to work, nor to exercise any act of ownership over, any portions of these "streets" which have been obstructed by the defendant. The plaintiff's lots abut upon the streets shown by the plat, but none of her lots are immediately contiguous to the land fenced up by the defendant.

The declaration does not allege that those portions of

the streets now claimed to be fenced up and obstructed were ever opened or used, or that they ever had any existence other than on paper.

The demurrer was general, and also contained several special grounds. In the view we take of the case, however, we deem it unnecessary to deal with the latter; and accordingly, have confined this discussion to the question of the sufficiency of the declaration to withstand a general demurrer.

We have reached the conclusion that the plaintiff''s declaration set forth no cause of action against the defendant. We will remark at the outset that this case differs essentially from that of *Ford et al.* v. *Harris et al.*, 95 *Ga.* 97, and the cases there cited. In those cases arose the question as to the right of a vendor to keep up and maintain obstructions in the streets shown upon plats, as against the right of those who had purchased lots sold by him with reference to the plats, and their successors in title, to have the obstructions removed and the streets kept open for use. They were not actions for damages alleged to have been occasioned by placing obstructions in the streets. The present case is an action of this latter character, and is in no sense a proceeding to have streets opened by the removal of obstructions unlawfully placed therein.

It is obvious from an inspection of the plaintiff's declaration, that if she has been damaged at all, it is an injury shared in by the general public. It may affect her in a greater degree than it does other persons, but at last it is a question of degree only. In other words, what she really complains of is no more nor less than common nuisances, resulting in no special injury or damage to her property, but affecting, to a greater or less extent, the public at large. If the unopened and unused portions of the land alleged to be "streets" are to be regarded as actual streets, placing obstructions in

one or more of them would injuriously affect the rights of every person entitled to use them as public highways. Looked at from this point of view, it is quite clear that these obstructions would be only common nuisances affecting the public generally, and for which no individual could maintain an action for damages unless he suffered some special or peculiar injury not common to the public. If the obstructed portions of the land are not to be regarded as streets proper, but merely as strips of land over which the plaintiff has a right of way, and which could not lawfully be closed up, this right of hers is shared in by all of the purchasers at the auction sale, and their successors in title; and if this class is not sufficiently large to amount, in a strict sense, to the general public, it is at least certain that each member of this class would have as good a right to bring an action for damages as the plaintiff; and in the absence of any allegations of special injury or damage, we are utterly unable to conceive any legal rule for arriving at what should be the measure of damages in such a case. To maintain an action of this kind would simply be to turn the jury loose, without chart or compass, into a broad ocean of conjecture, which would render them entirely unable to reach any just or satisfactory result.

In view of the fact that the conveyance under which the defendant holds did not embrace the streets included within the boundaries of its purchase, it might be perfectly fair and proper to treat the defendant, as to the matter in hand, as a mere trespasser; but even in this view of the matter, we do not think the law is otherwise than as above announced.     *Judgment reversed.*