STEWART *et al. v.* GEORGIA TERMINAL COMPANY *et al.*

FISH, C. J. 1. Under the ruling in *East Tenn., Va. & Ga. Ry. Co.* v. *Boardman*, 96 *Ga.* 356 (23 S. E. 403), the obstruction, at least of some of the streets complained of, did not furnish ground for the recovery of damages by the plaintiff.

2. If any of the grounds of special damages would have sustained a recovery, the evidence introduced by the plaintiff failed to show the amount of damages arising from such causes as different from other causes not furnishing a right of recovery. There was no error, therefore, in granting a nonsuit.

3. None of the assignments of error upon rulings of the court on the admissibility of evidence show any error requiring a reversal.

*Judgment affirmed. Holden, J., absent. The other Justices concur.*

LUMPKIN, J. I concur because the case of *East Tenn., Va. & Ga. Ry. Co.* v. *Boardman*, 96 *Ga.* 356 (23 S. E. 403), is binding unless reversed or modified. Under that ruling I must concur.

MARCH 4, 1911.

Action for damages. Before Judge Bell. Fulton superior court. December 16, 1909.

*John G. Walker,* for plaintiff.

*Rosser & Brandon,* for defendants.

---

LATHROP *et al. v.* PATE *et al.*

BECK, J. 1. Where, in bankruptcy proceedings instituted under the bankrupt act of 1867, certain lands were designated as exempt and set apart to the bankrupt in 1875, the district court of the United States as a court of bankruptcy was without jurisdiction to deal further with such property or to pass an order authorizing the sale of the "reversionary" right of the bankrupt; and an order authorizing such sale was void because of the lack of jurisdiction in the court to pass the same. In re Bass, 3 Woods, 382; Lockwood *v.* Exchange Bank, 190 U. S. 294.

2. In the present case the plaintiffs' right to recover was dependent upon the validity of the order referred to above and held to be invalid; consequently the court below properly sustained a general demurrer to the plaintiffs' petition.

*Judgment affirmed. All the Justices concur.*

MARCH 4, 1911.

Complaint for land. Before Judge Felton. Houston superior court. January 26, 1910.

*W. L. & Warren Grice* and *Hall & Hall,* for plaintiffs.

*Miller & Jones,* for defendants.