18712. STATE HIGHWAY DEPARTMENT OF GEORGIA *et al.*
*v.* REED, Mayor, *et al.*
18731. MCINTOSH PAVING CO. *v.* REED *et al.*

HEAD, Justice. 1. Its charter (Ga. L. 1937, p. 1877) provides in section one that the "Town of Flowery Branch" may sue and be sued. A municipal corporation can sue and be sued only in the manner provided by its charter, and in its appropriate corporate name. *Boon* v. *Mayor &c. of Jackson,* 98 *Ga.* 490 (25 S. E. 518); *Town of Dexter* v. *Gay,* 115 *Ga.* 765 (42 S. E. 94); *Augusta Southern Ry. Co.* v. *City of Tennille,* 119 *Ga.* 804 (47 S. E. 179); *Town of East Rome* v. *City of Rome,* 129 *Ga.* 290 (58 S. E. 854); *Gelders* v. *City of Fitzgerald,* 135 *Ga.* 400 (69 S. E. 569); *Storey* v. *Town of Summerville,* 158 *Ga.* 182 (123 S. E. 139); *Darby* v. *Mayor &c. of Statesboro,* 208 *Ga.* 705 (69 S. E. 2d 248). An action brought by named persons as "Mayor and Council of the Town of Flowery Branch" is not an action pursuant to charter authority.

2. In so far as the petitioners seek equitable relief "as individuals, citizens, and taxpayers," the allegations of the petition are insufficient to show special damage to them, or any damage that is not shared equally by all other "individuals, citizens, and taxpayers." The petition, therefore was insufficient for the grant of any relief to the petitioners as individuals, citizens, and taxpayers. Code §§ 72-103, 72-202; *Coast Line R. Co.* v. *Cohen,* 50 *Ga.* 451; *East Tenn., Va. & Ga. Ry. Co.* v. *Boardman,* 96 *Ga.* 356 (23 S. E. 403); *Cannon* v. *Merry,* 116 *Ga.* 291 (42 S. E. 274); *Coker* v. *Atlanta, Knoxville &c. Ry. Co.,* 123 *Ga.* 483 (2) (51 S. E. 481); *Stewart* v. *Georgia Terminal Co.,* 136 *Ga.* 36 (70 S. E. 867); *Gullatt* v. *State,* 169 *Ga.* 538, 539 (4) (150 S. E. 825); *Asphalt Products Co.* v. *Beard,* 189 *Ga.* 610, 613 (7 S. E. 2d 172); *Moon* v. *Clark,* 192 *Ga.* 47, 50 (14 S. E. 2d 481); *Maddox* v. *Willis,* 205 *Ga.* 596, 597 (6) (54 S. E. 2d 632).

3. "The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought and there is no

other adequate remedy." *Lindsey* v. *Board of Commissioners of Roads & Revenues of Colquitt County,* 169 *Ga.* 368 (150 S. E. 261); *Rollins* v. *Elder,* 180 *Ga.* 316, 318 (178 S. E. 719); *Wright* v. *Forrester,* 192 *Ga.* 864, 867 (16 S. E. 2d 873); *Densmore* v. *West,* 206 *Ga.* 531, 532 (57 S. E. 2d 675). If the allegations of the petition should be construed as sufficient to show the creation of a public nuisance, there are no allegations that the abatement of the nuisance in the manner authorized by law would not afford the petitioners adequate relief. The writ of mandamus, therefore, would not lie.

4. The trial court erred in overruling the demurrers to the petition, and all subsequent proceedings are nugatory.

*Judgment reversed in both cases. All the Justices concur. Duckworth, C. J., concurs in the judgment only.*

ARGUED SEPTEMBER 14, 1954—DECIDED NOVEMBER 8, 1954.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, Raymond F. Schuder, R. Wilson Smith, Jr., Wheeler, Robinson & Thurmond (Case No. 18712), Bertram S. Boley, Paul Webb, Jr. (Case No. 18731),* for plaintiffs in error.

*Telford, Wayne & Smith, Brannon & Brannon (both cases), R. Wilson Smith, Jr., Raymond F. Schuder, Wheeler, Robinson & Thurmond, Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General (Case No. 18731),* contra.