See also 148 F.Supp. 541.

BAIM & BLANK, INC., and Baim & Blank Television Service, Inc., Plaintiffs,

v.

PHILCO DISTRIBUTORS, INC. and Philco Corporation, Defendants.

Civ. No. 14083.

United States District Court
E. D. New York.

Feb. 4, 1957.

J. R. Ellner, New York City, for plaintiffs.

Donovan, Leisure, Newton & Irvine, New York City, for defendants.

### BRUCHHAUSEN, Chief Judge.

Plaintiffs are suing for treble damages under the Robinson-Patman Act, 15 U.S.C.A. § 15, claiming that price fixing between defendants and other retailers forced them out of business.

Defendants are attempting to establish that the books of the plaintiffs do not fully reflect their business transactions. In the course of taking the depositions of William Blank, sole surviving officer of plaintiff corporations, pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A., he was asked whether certain purported sales were reflected in the corporate books. The plaintiffs thereupon raised the objection that the books speak for themselves, that they have been inspected and copied by the defendants, and that the witness should not be required to compile this data, especially since he is not familiar with bookkeeping and never dealt with the books when the corporation was active.

Had not the trial been imminent, the defendants undoubtedly would have sought this information by interrogatories under Rule 33 of the Federal Rules.

It has been held that compilation of data, though burdensome, is proper where the information sought is proper and the records are those ordinarily kept in the course of business, or where the interrogated party would have to compile such information in its own preparation for trial. R. C. A. Manufacturing Co. v. Decca Records, Inc., D.C.S.D.N.Y., 1 F.R.D. 433; United States v. E. I. Du Pont De Nemours & Co., D.C.N.D.Ill., 13 F.R.D. 98; United States v. American Locomotive Co., D.C.Ind., 6 F.R.D. 35.

The purpose of the deposition-discovery procedure is not only for the ascertainment of facts, but also to determine what the adverse party contends they are, and what purpose they will serve, so that the issues may be narrowed, the trial simplified, and time and expense conserved. It has also been held that inquiry, either by deposition or interrogatory, into facts within the discoverer's own knowledge, and of which he already has information, are proper. Benevento v. A. & P. Food Stores, Inc., D.C.E.D.N.Y., 26 F.Supp. 424; Nakken Patents Corp. v. Rabinowitz, D.C.E.D.N.Y., 1 F.R.D. 90; Moore's Federal Practice, 2nd Ed., Secs. 26.21, 33.13.

These are regular corporate books which will probably be collated for trial, and the testimony indicates that they have already been examined. The said William Blank is the sole surviving officer whose testimony can bind the corporation.

Usually this difficulty is not presented during the taking of depositions under Rule 26, for at that time inquiry is made of the existence of documents and they are subsequently sought for inspection under Rule 34 and formal interrogatories concerning them are served under Rule 33. Apparently this was obviated by the voluntary production and inspection of the books.

Rule 33 has been amended to state that interrogatories may relate to any matters which can be inquired into under Rule 26(b). It has been held that interrogatories may be as broad as depositions. Kingsway Press, Inc. v. Farrell Publishing Corp., D.C.S.D.N.Y., 30 F. Supp. 775. The converse of this proposi-

tion is implicit. There is some rapport between Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, all of which pertain to the deposition-discovery practice. The latter two rules refer to the former. A party demanding copies of documents in answer to specific interrogatories will not be compelled to move anew for discovery under Rule 34 when his original application justified such production. Alfred Pearson & Co., Ltd. v. Hayes, D.C.S.D.N.Y., 9 F.R.D. 210.

■ Under the circumstances, the questions concerning the contents of the books are deemed to be in the same category as interrogatories. The plaintiffs are required to examine the books and compile the data required to furnish the information sought. The plaintiffs should be afforded a reasonable opportunity to do this and the length of time allowed therefor should be stipulated or specified in the order to be entered herein. Meanwhile the trial should be deferred.

The defendants' application is granted.