36736. RICHARDS & ASSOCIATES, INC. *v.* STUDSTILL *et al.*

DECIDED JUNE 11, 1957—REHEARING DENIED JULY 24, 1957.

*Will Ed Smith, Martin, Snow & Grant,* contra.

NICHOLS, J. ■ The judgment of the trial court overruling the defendant's general demurrers having been reversed on appeal the case was still pending in the trial court, and it was not error

to allow the plaintiff's amendment, which was filed before the remittitur from this court was made the judgment of the trial court, subject to objection. "The demurrers to the petition had been overruled by the trial court. The reversal of the judgment by this court left the case still pending in the lower court subject to valid amendments before the judgment of this court was made that of the trial court. *Moore* v. *Gregory*, 72 *Ga. App.* 614 (34 S. E. 2d 624). This case differs from a case where a demurrer to a petition is sustained and that judgment affirmed by an appellate court. In such a case the petition is not thereafter amendable to include allegations which might have been added by amendment. The difference is that in the case of the sustaining of a demurrer and affirmance thereof, the opportunity of amendment has been foreclosed. In such cases as this it is still open to the same extent as it would have been if the trial court had ruled that the original petition did not state a cause of action and that he would sustain the demurrer if the petition was not amended. In that case an amendment would be allowable if proper." *Southeastern Stages* v. *Abdella*, 77 *Ga. App.* 772, 777 (50 S. E. 2d 85). See also *State Farm Mutual Auto Ins. Co.* v. *Davis*, 92 *Ga. App.* 629 (89 S. E. 2d 566).

■ The controlling question is therefore whether the amendment perfected the allegations of the petition so as to set forth a cause of action against the resident defendant so that the trial court would have jurisdiction of the nonresident defendant who was alleged to be a joint tortfeasor. See *Harris* v. *McDaniel*, 92 *Ga. App.* 299 (2) (88 S. E. 2d 442); *Calhoun* v. *Edwards*, 202 *Ga.* 95, 98 (42 S. E. 2d 426).

When this case was before the Supreme Court on writ of certiorari it was said: "It [the petition] contains allegations which are sufficient to show that the plaintiff's injury resulted from the concurrent negligence of the two defendants. It also contains allegations which clearly absolve the defendant Mrs. Liggin [the resident defendant] from any fault respecting the collision that caused the plaintiff's injury. Thus one version of her petition shows the defendants to be joint tortfeasors, and the other one shows they are not. One alleges a cause of action against the defendants as joint tortfeasors, and the other alleges no cause

of action against the defendant Mrs. Liggin. And when a plaintiff pleads his case in the alternative, one version of which is good and the other not, his petition will on demurrer be treated as pleading no more than the latter, since it will be construed most strongly against him." *Richards & Associates, Inc.* v. *Studstill*, 212 *Ga.* 375, 377, supra.

The amendment filed by the plaintiff to her petition had the effect of removing those allegations which the Supreme Court held exonerated the resident defendant and left the allegations which the Supreme Court held showed the plaintiff's injury to have resulted from the concurrent negligence of the two defendants. Accordingly, the judgments of the trial court complained of by the nonresident defendant were not error for any reason assigned.

*Judgments affirmed. Felton, C. J., and Quillian, J., concur.*