Marie A. RICHARDS, Administratrix,

v.

MAINE CENTRAL RAILROAD.

Civ. No. 5–54.

United States District Court
D. Maine, S. D.

Dec. 10, 1957.

See also, 21 F.R.D. 595.

Edward J. Beauchamp, Daniel J. Murphy, Lewiston, Me., for plaintiff.

Leonard A. Pierce, Vincent L. McKusick, Portland, Me., for defendant.

GIGNOUX, District Judge.

The ruling presently announced arises upon the plaintiff's Motion to Produce, under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. and the supporting Affidavit of Daniel J. Murphy, Esquire, both filed with this Court on November 20, 1957; and the Affidavit of Walter F. Bird, dated December 6, 1957, filed by the defendant in opposition to said motion.

For a statement of the nature of the principal action reference is made to the Memorandum of Delehant, J. in these proceedings dated September 30, 1957. D.C., 21 F.R.D. 590.

Hearing upon the aforesaid motion was held before this Court on December 10, 1957, and the written and oral arguments of counsel having been considered, the Court at this time will simply announce its ruling with respect to the requests contained in the various paragraphs of said motion and very briefly indicate the reasons therefor.

The Court sustains the objections of the defendant to the production of the documents requested in paragraphs numbered 1, 2, 3, 4, 8 and 9 of said motion, and absolves the defendant from any obligation to produce these documents, or any of them.

■ Paragraph 1 requests production of the statements taken by the defendant's claims agent, Walter F. Bird, of the five witnesses specified therein. The plain and inescapable language of Rule 34 places upon the moving party the burden of showing good cause for the production of documents requested in a motion to produce. The affidavit of Daniel J. Murphy, Esq., in support of the plaintiff's motion in the instant action states that the defendant has the statements requested in Paragraph 1 and that the statements are relevant to the issues in the action or may lead to the discovery of admissible evidence. There is, however, no showing either in the motion or in the supporting affidavit that the five witnesses are not, and have not been from the date of the accident, equally available to the plaintiff. Under the doctrine of Hickman v. Taylor, 1947, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451, this Court rules that in the absence of such a showing, or other proof of sufficient cause, production of the statements requested in Paragraph 1 must be denied. The Court will note, parenthetically, that it cannot consider in support of this motion the unverified oral statements of counsel in the course of argument.

■ Production of the statements requested in Paragraph 2 of the motion is denied for the additional reason that it explicitly appears from the uncontroverted affidavit of Walter F. Bird that such statements do not exist.

■ Paragraphs 3 and 4 of the motion request production of the reports of investigations and a copy of the testimony of investigations made by the defendant and filed with the Public Utilities Commission of the State of Maine pursuant to the provisions of Section 42 of Chapter 44 of the Revised Statutes of Maine of 1954. Whether or not the privilege accorded by that statute to such reports and investigations is applicable to pre-trial discovery proceedings under the Federal Rules of Civil Procedure, this Court considers that to require the production of such reports would clearly violate the public policy evidenced by the statute and, therefore, the production of the documents requested in Paragraphs 3 and 4 of the plaintiff's motion must be denied.

[6] Paragraphs 8 and 9 of the plaintiff's motion request the production of records or reports showing the action taken by the defendant after the accident in repairing or altering the motor car involved in the accident. For the reasons stated by Delehant, J. in his Memorandum, dated September 30, 1957, sustaining the defendant's objections to plaintiff's Interrogatories numbered 9 (d), (e) and (f), in which this Court concurs, production of the records and reports requested in Paragraphs 8 and 9 of the plaintiff's motion must be denied.

The Court denies and overrules the defendant's objections to production of the documents requested in Paragraphs numbered 5, 6, 7 and 10 of the plaintiff's motion, and the defendant will be directed to produce and permit the inspection and copying or photographing of such documents, at such time and place, and in such manner, as may be agreed by counsel, in any event, not later than December 23, 1957.

In support of its objection to the production of these documents the defendant contends that the substance of the documents was sufficiently disclosed by the defendant's answers to Interrogatories numbered 12(b), 15(a)–(g), 16 (b), 30 and 34 filed by the defendant on August 27, 1957. After a review of the answers to these interrogatories, the Court is not satisfied that such answers necessarily disclosed the entire information contained in the documents for which request has been made. In the opinion of the Court such documents, which are necessarily exclusively in the control of the defendant, may contain evidence relevant to the subject matter involved in the pending action; the production of such documents will not be unduly burdensome upon the defendant; and their production will be directed.

A written order giving effect to the foregoing Ruling is being prepared and entered herewith.