38201, 38202. RICH'S, INC. *v.* DENMON; and *vice versa.*

DECIDED APRIL 20, 1960—REHEARING DENIED MAY 9, 1960.

602

*Smith, Swift, Currie & McGhee, Charles L. Weltner,* for plaintiff in error.

*Robert L. Mitchell,* contra.

FELTON, Chief Judge. ■ The order overruling the defendant's oral motion to dismiss the plaintiff's amended petition does not disclose the grounds of said motion, which must therefore be treated as an oral motion to dismiss in the nature of a general demurrer. *Farmers & Merchants Bank* v. *Gibson,* 211 *Ga.* 270 (1) (85 S. E. 2d 513). We will accordingly consider it in connection with the overruling of the defendant's general demurrer to count two.

In support of its general demurrer to count two of the amended

petition, the defendant contends that the petition shows on its face that the plaintiff failed to exercise due care for his own safety. In view of the allegations of paragraph 8 that the marble upon which the plaintiff slipped was of small size and multi-colored design which blended with the floorway and that his attention was distracted by the defendant's displays of merchandise, the question whether the plaintiff exercised ordinary care for his own safety under the circumstances alleged should be left for determination by the jury. *Stanfield* v. *Forrest Five &c. Stores*, 95 *Ga. App.* 739 (99 S. E. 2d 167) and cit.

It is further argued that count two is subject to general demurrer because notice of the existence of the marble does not properly appear in the petition. Paragraph 10, as amended, alleges that a named customer reported to one of the defendant's female employees, whose name was unknown to plaintiff, that there were marbles on the floor in the subject department. Such averment of actual notice to the defendant of the alleged dangerous condition is sufficient as against a general demurrer. It is not ambiguous nor subject to any of the constructions for which the defendant contends. Other alleged defects in this pleading are subjects of special demurrer only. The court did not err in overruling the general demurrer and the motion to dismiss the petition.

■ Turning now to the cross-bill of exceptions, we must first determine whether the order excepted to therein is a final order which is subject to review. The only order to which exception is taken is that of December 16 which makes no ruling on the defendant's demurrers but simply states that count one "stands dismissed" as provided in the order of May 25. The order of May 25 was not necessarily adjudicated as premature in regard to count one by the prior decision of this court (*Rich's, Inc.* v. *Denmon*, 100 *Ga. App.* 694, supra), since reference to the record in that case reveals that the cross-bill of exceptions was not tendered within 30 days after the order and the prematurity of the main bill would therefore divest this court of jurisdiction over the cross-bill. *Gaulding* v. *Gaulding*, 209 *Ga.* 456 (3) (74 S. E. 2d 9). However, if the order of May 25 was itself a final order as to count one, it was not excepted to within the time al-

lowed by law, and the defendant in error's exception to the order of December 16th is nugatory. On the other hand, if the order of May 25 was not a final order as to count one, then something more than the language of the December 16 order is required to render it final and reviewable. Mere reference in a subsequent order to the terms of a prior non-final order will not suffice to import finality to either.

Accordingly, there is no exception to any final order sustaining the defendant's demurrers and dismissing count one of the petition. By the same token, the order of December 16 makes no ruling on the defendant's special demurrers to paragraphs 13, 15, 16 and 17 of count two of the petition, but simply states that these paragraphs, not having been amended as provided in the order of May 25, are stricken. Since the order of May 25 sustaining the demurrers with leave to amend was adjudicated as non-final by the prior decision of this court, the demurrers complained of have never been finally ruled on and their merits will not be considered here. Since the order of December 16 is not final as to any of the rulings assigned as error by the defendant in error, the cross-bill of exceptions must be dismissed. *Virginia Well &c. Co.* v. *Landers*, 99 *Ga. App.* 397 (2) (108 S. E. 2d 756).

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. Nichols and Bell, JJ., concur.*