38878.   SETZERS SUPER STORES OF
GEORGIA, INC. v. HIGGINS.

DECIDED JUNE 9, 1961—REHEARING DENIED JULY 7, 1961.

*Gowen, Conyers, Fendig & Dickey, Chris B. Conyers, Chas. L. Gowen,* for plaintiff in error.

*Geo. B. Cowart, V. E. Mitchell,* contra.

EBERHARDT, Judge. Mrs. Winnie Higgins filed in Glynn Superior Court an action for damages against Setzer's Super Stores of Georgia, Inc. In her petition, as amended, she alleged that she went to the defendant's store about five o'clock in the afternoon on August 11, 1958, for the purpose of purchasing various items of food, including a jar of mayonnaise. She alleged that the defendant operated a self-service store, and that she obtained a cart in which to place the items of food and started down one of the aisles of the store, on each side of which food was displayed in shelving; that from previous experience in making purchases at the store she knew that defendant displayed the mayonnaise just around the corner from the aisle in which she was walking and on a high shelf, and that as she proceeded in turning the corner, looking in the direction that she knew the mayonnaise to be, she stepped upon grains of loose rice in the aisle, fell to the floor and was injured. She further alleged that the floor was of such color as to blend with the rice and that she could not, in the exercise of ordinary care for her own safety, have discovered its presence. It was alleged that the defendant, its servants, agents and employees knew and in the exercise of ordinary care should have known of the presence of the rice on the floor, but there were no allegations as to how long it had been there before she fell, nor were any facts or circumstances alleged that were calculated to put the defendant, its agents, servants or employees on notice of the

existence of the rice on the floor at any time prior to her fall.

The defendant demurred generally to the petition, as amended, and specially to the allegations concerning its knowledge of the existence of the rice, by which it sought to have her set out the names of the agents, servants or employees who knew of its existence and how long they had known of it prior to plaintiff's fall. She amended, giving names of some employees in the store, but no other facts or circumstances as to how long they may have had such knowledge. The demurrers were renewed and overruled, and, on trial of the case the jury returned a verdict for the plaintiff. Defendant filed a motion for judgment non obstante veredicto and for new trial which were overruled, and it now assigns error on all of the above rulings and judgments.

■ Since the petition alleges that defendant's manager, one Sherrod, "and others of its agents, servants and employees whose names are unknown to petitioner but known to the defendant, knew of the presence of such loose rice on said floor, and he, they and it would have known of its presence by the use of ordinary care and diligence," the allegations are in the alternative and equivocal and must be construed to allege no more than constructive notice to the defendant and its servants, agents or employees, and this is true although in another place in the petition the defendant, its servants, agents and employees were charged with actual knowledge of the existence of the loose rice on the floor, for, on demurrer, the pleading must be construed most strongly against the plaintiff. *Baggett v. Edwards*, 126 Ga. 463(1) (55 SE 250). Consequently, it was incumbent upon the plaintiff to set out how long the rice had been on the floor, or to allege other facts and circumstances sufficient to make it a question of fact as to whether knowledge of the existence of the loose rice on the floor would thus be imputed to the defendant, its servants, agents and employees for a length of time sufficient to have enabled it to remove the same. *Cook v. Kroger Baking &c. Co.*, 65 Ga. App. 141 (15 SE2d 531); *Jones v. West End Theatre Co.*, 94 Ga. App. 299 (94 SE2d 135). Since plaintiff did not amend to meet this ground of special demurrer, it was error to overrule it and likewise thereafter to overrule the general demurrer.

■ It was urged as a ground of general demurrer that the allegations of the petition showed on their face that plaintiff was not in the exercise of ordinary care for her own safety, for that it alleged that plaintiff, as she turned the corner to get the jar of mayonnaise just before falling, was not looking in the direction of or observing the floor and its condition, but was in fact looking away from it in the direction of the high shelf on which the mayonnaise was located. Since the defendant so arranged the merchandise in its store to attract its customers who were to serve themselves, and since it is also alleged that the color of the floor was such as to blend with the loose rice thereon and thereby rendered the rice undiscernible to one walking along the aisle, the allegations in this respect were sufficient to make it a question for the jury as to whether the plaintiff was in the exercise of ordinary care for her own safety. *Rich's, Inc. v. Denmon*, 101 Ga. App. 600 (114 SE2d 462); *Food Fair Stores v. Pound*, 102 Ga. App. 32 (115 SE2d 645).

■ Defendant here propounded interrogatories to the plaintiff seeking the names and addresses of the witnesses who may have seen the plaintiff fall in defendant's store, or who might have knowledge thereof and what the witnesses knew concerning the matter. Plaintiff answered the interrogatories giving the names and addresses of such people as she knew who had seen her fall, or who had indicated to her that they saw it or knew any facts concerning it, and saying further that those people had indicated to her in conversations had with them after her fall that they were present and saw her fall, and that they had made oral statements to her and to her attorney, but not in her presence, concerning the incident. Defendant then sought an order from the court requiring both plaintiff and her attorney to disclose the substance of the statements made to them by the persons named. The court granted the order as to statements made to the plaintiff, but denied it as to statements made to her attorney. Defendant excepts to the refusal of the court to grant the order as to the statements made to plaintiff's attorney.

The deposition-discovery procedure as provided in *Code* §§ 38-2101 through 38-2112, as amended by the act of 1959

(Ga. L. 1959, p. 437) is now substantially the same as that provided in the Federal Rules of Civil Procedure. In the State courts, as in the Federal courts, this procedure is to be given a liberal construction in favor of supplying a party with the facts underlying his opponent's case, and this without reference to whether the facts sought on discovery are admissible upon the trial of the action. "The purpose of the deposition-discovery procedure is not only for the ascertainment of facts, but also to determine what the adverse party contends they are, and what purpose they will serve, so that the issues may be narrowed, the trial simplified, and time and expenses conserved." Baim & Blank, Inc. v. Philco Distributors, Inc., 25 F.R.D. 86, 87 (E.D.N.Y.).

Even a liberal construction, however, will not result in requiring an attorney, without some showing of necessity therefor, to produce and make available to the attorney for the adverse party his "work product," including statements that he may have obtained from witnesses, or memoranda that he may have made in anticipation of the litigation. "A party is not entitled to discovery under the Federal Rules of Civil Procedure of written statements in the files of the attorney for the adverse party and of memoranda made by him in anticipation of litigation, without any showing of the necessity for the production of such material or any demonstration that denial of production would cause hardship or injustice, where for aught that appears the essence of what he seeks has been revealed to him through interrogatories or is readily available to him direct from the witnesses for the asking." Hickman v. Taylor, 329 U.S. 495 (67 SC 385, 91 LE 451).

Moreover, it has been held that where there is no showing, either in the motion or the supporting affidavit, that the witnesses are not and have not, since the date of the accident, been equally available to the party seeking discovery, the production of the materials will not be required. Richards v. Maine Central R., 21 F.R.D. 593 (S.D.Me.).

No such showing of necessity, hardship, injustice or of unavailability was made here, and consequently there was no error in the failure of the trial court to require the attorney

for plaintiff to disclose the information that he may have obtained in his interviews with plaintiff's witnesses.

■ Since we have held the overruling of the special demurrer calling for information as to how long the rice had been loose on the floor, and thereafter the overruling of the general demurrer to have been error, all proceedings had thereafter were nugatory. *State Highway Dept. v. Reed,* 211 Ga. 197 (4) (84 SE2d 561); *Poole v. McEntire,* 209 Ga. 659 (3) (75 SE2d 20); *Millender v. Looper,* 82 Ga. App. 563 (61 SE2d 573); *Georgia A. S. & C. Ry. Co. v. Atlantic C. L. R. Co.,* 79 Ga. App. 837 (2) (54 SE2d 492). Moreover, counsel for plaintiff in error, in his oral argument before the court, expressly abandoned all grounds of the motion containing exceptions to the charge of the court.

*Judgment reversed. Carlisle, P.J., and Nichols, J., concur.*

## ON MOTION FOR REHEARING.

EBERHARDT, Judge. It is true that plaintiff did amend her petition by striking therefrom paragraph numbered 22, in which it was alleged that "defendant, its store manager, agents, servants and employees knew of the presence of such foreign substance to wit, rice, on said floor, or they and it would have known of its presence had they and it exercised reasonable care in the premises" and substituted, as paragraph 22, an allegation that "defendant . . . knew of the presence of such loose rice on said floor, and he, they and it would have known of its presence by the use of ordinary care and diligence. Petitioner does not know how long the loose rice had been on said floor but it was there when she turned into said aisle and said Sherrod and others of defendant's agents, servants and employees knew of its presence there before she turned into the aisle and slipped upon the rice as aforesaid."

Defendant had demurred to paragraph 22 as it stood originally upon the grounds that it was not alleged how long the defendant, its manager, agents, servants or employees had possessed knowledge of the presence of the rice, or how long they would have had such knowledge if they or it had exercised reasonable care. When the petition was amended defendant renewed its demurrers and further demurred on the ground

that names of the defendant's servants, agents or employees who may have possessed such knowledge were not alleged.

The changing of the word "or" to "and" in the substituted paragraph did not take the allegation out of the category of being alternative, ambiguous or equivocal. Defendant still could not determine whether plaintiff expected to proceed upon the assertion of actual or of constructive knowledge. *Richards & Associates, Inc. v. Studstill*, 212 Ga. 375 (3) (93 SE2d 3). And so it is in such a situation that the allegation is to be construed as charging no more than constructive knowledge, and unless the pleader comes forward, when challenged by demurrer, with the pleading of facts from which knowledge might be imputed to the defendant her pleading is bad. Of course she might have met the demurrer by deleting the allegations of constructive knowledge and thus informed the defendant that she would proceed upon the allegation of actual knowledge, but she did not. She may yet do so before judgment is taken upon the remittitur from this court, and if such is done the petition will not then be subject to general demurrer. *Richards & Associates, Inc. v. Studstill*, 96 Ga. App. 270 (99 SE2d 558); *Jackson v. Security Ins. Co.*, 177 Ga. 631 (170 SE 787); *Ware v. Martin*, 208 Ga. 330 (2) (66 SE2d 737); *Sammons v. Tingle*, 216 Ga. 814 (120 SE2d 124).

The case of *Citizens & Southern Bank v. Union Warehouse &c. Co.*, 157 Ga. 434 (122 SE 327) does not require a different result. In that case specific allegation of actual knowledge was added to the petition by amendment, which the court held to be applicable to all of the petition, including the paragraphs wherein actual and constructive knowledge had been alleged. In the case here the alternative or equivocal allegations were deleted and then placed back into the petition by substituting a paragraph which likewise contained such allegations. Thus there was really no change effected. Moreover, it was recognized in the *Citizens & Southern Bank* case that while the amendment would render the petition not subject to a general demurrer, the allegations would still be subject to special demurrer.