### 22533. MAXEY v. DEKALB COUNTY BOARD OF EDUCATION et al.

SUBMITTED JUNE 9, 1964—DECIDED JULY 9, 1964.

*Robert L. Fine,* for plaintiff in error.

*Murphey Candler, Jr.,* contra.

QUILLIAN, Justice. To entitle one to the extraordinary aid of mandamus it must appear that the applicant has a clear legal right to have performed the particular act which he seeks to have enforced and that there is no other adequate remedy. *City of Atlanta v. Blackman Health Resort,* 153 Ga. 499 (5) (113 SE 545); *State Hwy. Dept. v. Reed,* 211 Ga. 197 (3) (84 SE2d 561).

While Ga. L. 1937, pp. 864, 867 (*Code Ann.* § 32-414), formerly provided that the ruling of the State Board of Education on appeal was final and conclusive and that provision was deleted by the Act of 1961, Ga. L. 1961, pp. 39, 40, the law as it now reads (*Code Ann.* § 32-910) designates the State Board of Education as the appellate tribunal to review the decisions of county boards of education. Thus, it is apparent that under the laws of Georgia the State Board of Education's decisions are binding upon parties who submit their causes to that tribunal through the orderly mode of procedure provided by law, unless such decisions are subject to be set aside because they are void. Here no attack was made on the legality or validity of the State Board's decision nor was it alleged that the board in any manner acted outside the bounds of its discretion.

In the instant case the effect of the State Board's decision was to affirm the County Board and that decision not having been set aside by appropriate procedure, mandamus against the County Board does not lie. The trial judge did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*