**Ralph BANKS et al.**

v.

**LOCKHEED–GEORGIA COMPANY et al.**

**Eddie Lee ALLEN**

v.

**LOCKHEED–GEORGIA COMPANY et al.**

**Lovett YOUNG**

v.

**LOCKHEED–GEORGIA COMPANY.**

Civ. A. Nos. 11675, 11896, 12289.

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 14, 1971.

Isabel Gates Webster and James W. Hawkins, Atlanta, Ga., Matthew Perry, NAACP Special Counsel, Columbia, S. C., for plaintiffs.

Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., for Aeronautical Machinists Lodge No. 709.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for Lockheed-Georgia Co.

## ORDER

O'KELLEY, District Judge.

All other pending discovery motions having been resolved, the Court, on October 6, 1971, heard argument on the plaintiffs' fifth request for the production of documents pursuant to Rule 34 F.R.Civ.P. The hearing centered around request 1(e) which seeks production of the following:

"All analyses, reports, interim reports, and any other written material prepared by the company equal employment opportunity 'team' which was established following the 1970 Defense Supply Agency Compliance Review referred to in the deposition of C. A. Jenkins taken on September 13, 1971, as P, 5, Jenkins and also referred to in the testimony of Hugh Gordon on deposition taken on September 14 and 15, 1971."

After indicating to the parties the Court's views on this matter, the Court directed the parties to begin compliance with the Court's stated opinion pending the signing of this written Order.

In 1970, defendant Lockheed appointed a "team" of employees to study the company's problems in the area of equal employment opportunities, and to determine the progress, if any, of the company's Affirmative Action Compliance Programs. From this "team's" findings, a formal report was executed pursuant to Executive Order 11246, Order No. 4 (as revised) and was presented to the Department of Defense Contracts Compliance Office. Defendant Lockheed has agreed to produce a copy of its 1970–71 and 1971–72 reports as submitted to the Department of Defense Contracts Compliance Office, i. e. the substantive results of the "team's" work, but objects to the production of the "team's" actual report which includes a candid self-analysis and evaluation of the Company's actions in the area of equal employment opportunities. It is this information that the plaintiffs seek.

Lockheed contends that the information sought by the plaintiffs is protected by Rule 26(b) (3) F.R.C.P. in that it constitutes information collected in preparation for trial. The first of these three discrimination suits was filed against Lockheed in 1968, and there are five other such suits before the Court at this time. Keeping this fact in mind, the Court takes note of the fact that the "team" of investigators appointed by Lockheed to make the report in question included one of Lockheed's attorneys. From these facts, the Court concludes that this investigation reasonably could have been made in preparation for trial. Further, the report could be said to include the "mental impressions, conclusions, opinions, or legal

theories of an attorney or other representative of a party concerning the litigation" which would further protect it from discovery by the plaintiffs. Rule 26(b) (3) F.R.C.P. See Southern Railway Co. v. Lanham, 403 F.2d 119 (5 Cir. 1969).

The Court is of the opinion, however, that the most critical issue raised by the plaintiffs' motion is whether the plaintiffs should have access to the candid reports of defendant company when such reports have been made in an attempt to affirmatively strengthen the Company's policy of compliance with Title VII and Executive Order 11246. The Court looks on this as an important issue of public policy and feels it would be contrary to that policy to discourage frank self-criticism and evaluation in the development of affirmative action programs of this kind. For this reason, the Court is of the opinion that the plaintiffs' motion should be denied. A similar result was reached in the analogous case of Bredice v. Doctors Hospital, Inc., 50 F.R.D. 249 (D.D.C.1970). [See also Richards v. Maine Central Railroad, 21 F.R.D. 590 (S.D.Me.1957) and Richards v. Maine Central Railroad, 21 F.R.D. 593 (S.D.Me.1957).] In that case, the Court held that the plaintiff in a malpractice suit was not entitled to discover the minutes and reports of a hospital committee of staff physicians which reviewed and analyzed physician's treatment and care of patients in the hospital. In making that determination, the Court stated:

> "Confidentiality is essential to effective functioning of these staff meetings; and these meetings are essential to the continued improvement in the care and treatment of patients. Candid and conscientious evaluation of clinical practices is a sine qua non of adequate hospital care. To subject these discussions and deliberations to the discovery process, without a showing of exceptional necessity, would result in terminating such deliberations.

Constructive professional criticism cannot occur in an atmosphere of apprehension that one doctor's suggestion will be used as a denunciation of a colleague's conduct in a malpractice suit." 50 F.R.D. at 250.

Likewise, this Court feels that to allow the plaintiffs access to the written opinions and conclusions of the members of Lockheed's own research team would discourage companies such as Lockheed from making investigations which are calculated to have a positive effect on equalizing employment opportunities. In short, it is the opinion of this Court that such a measure would not be conducive to compliance with the law. Therefore, the plaintiffs' motion is hereby denied. The defendant Lockheed, however, is hereby ordered to provide the plaintiffs with any factual or statistical information that was available to the members of Lockheed's research "team" at the time they conducted their study.