Victoria **NASH**, Plaintiff,

v.

**CITY OF OAKWOOD, OHIO**, Defendant.

No. C–3–80–375.

United States District Court,
S. D. Ohio, W. D.

June 30, 1981.

Steven M. Fitten, Dayton, Ohio, for plaintiff.

Brian Weaver, Neil F. Freund, Dayton, Ohio, for defendant.

DECISION AND ENTRY ON PENDING MOTIONS; MOTION TO COMPEL SUSTAINED IN PART AND OVER-RULED IN PART; MOTION FOR PROTECTIVE ORDER SUSTAINED IN PART AND OVERRULED IN PART; MOTION TO INTERVENE OVERRULED; CONFERENCE CALL SET

RICE, District Judge.

The captioned cause is before the Court on the following motions:

(a) Plaintiff's motion to compel production of documents and information described in her subpoenas duces tecum for the November 20, 1980, and March 8, 1981, depositions, and for the April 23, 1981, class certification hearing.  (doc. # # 20, 23).

(b) Defendant's motion for protective order limiting the scope of plaintiff's discovery to genuine issues in this case (actually an expanded version of a previously filed motion to quash a subpoena duces tecum), for other reasonable limits and requiring plaintiff to follow the procedures in Rule 34, Fed.R.Civ.P.; and

(c) A motion to intervene as party plaintiff by Raymond L. Jordan, II.

For the reasons hereinafter stated, plaintiff's motion to compel will be granted in part and denied in part; defendant's motion for a protective order will be granted in

part and denied in part; and the motion to intervene by Jordan will be denied subject to renewal.

This is an employment discrimination action against the City of Oakwood, Ohio. Plaintiff, Victoria Nash, a black woman, alleges that defendant's employment practices discriminate against blacks and women. She has filed this action on behalf of herself and:

[A]ll blacks and women who have applied for the position of public safety [officer] with Defendant and all blacks and women who might have been employed by Defendant but for its reputation for engaging in discriminatory employment practices, and who have been and continue to be or might be adversely affected by the practices [of Defendant].

Complaint, para. 7. Plaintiff seeks damages and declaratory and injunctive relief on behalf of herself, and blacks and women similarly situated to redress deprivations of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by 42 U.S.C. § 1981, by 42 U.S.C. § 1983, and by the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3766(c)(1). The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1343(3), 1343(4), 1331(a), 2201, 2202, and under 42 U.S.C. § 2000e–5.

## A. *Discovery Matters*

Plaintiff has moved the Court for an order compelling defendant to produce the documents described in her subpoena duces tecum for the November 20, 1980, and March 8, 1981, depositions, and for the subpoena duces tecum filed for the April 23, 1981, class certification hearing. The subpoena for November 20, 1980, and March 8, 1981, called for production of the following documents:

1. the applications of all persons considered for the position of public safety officer ("pso");

2. scores of all applicants on the written and physical portions of the pso examination;

3. results of physical, psychological and polygraph examinations of pso applicants;

4. the affirmative action program documents and policies of defendants governing and relating to equal employment opportunity and receipt of federal funds for law enforcement, fire fighting and public welfare;

5. examinations and written criteria used to evaluate applicants for the position of pso; and

6. copies of all complaints filed against the City of Oakwood alleging race and/or sex discrimination since January 1, 1968, with the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission.

The subpoena filed for April 23, 1981, called for production of the following documents:

1. Plaintiff's examination and documents related to her application for pso with defendant;

2. all documents and materials identifying applicants by name, sex, and race for the position of pso with defendant from January 1, 1968, until April 24, 1981; and

3. all documents identifying examination dates, persons and test scores for the position of pso and persons listed on eligibility hiring lists for the position of pso by race and sex, since January, 1968.

To date, none of the above described documents, with the possible exception of the documents relating specifically to plaintiff's application for pso have, to this Court's knowledge, been produced. Plaintiff has moved the Court to compel defendant to produce the documents described (doc. # 20); defendant has moved the Court for a protective order to limit the scope of discovery and to impose reasonable restraints thereon. (doc. # 26).

■ Having carefully examined plaintiff's complaint, the Court concludes, as a threshold matter, that plaintiff is entitled to no discovery from defendant on her claim of racial discrimination. The Com-

plaint is utterly devoid of any factual allegations indicating that defendant discriminated against plaintiff on the basis of race, as opposed to sex. The action arises in connection with plaintiff's application to defendant for the position of public safety officer. Plaintiff alleges that she took the written and physical portions of the pso examination on September 6, 1980. (para. 11). She alleges that the physical test requires successful completion of eight activities, and that failure to complete any one of the activities results in disqualification of the applicant. (para. 12–13). Plaintiff further states that she failed to complete part (e) of the physical test, i. e., carrying "two rolled fire hoses each 2½ inches wide, 25 feet long weighing a total of 78 pounds up and down four flights of stairs and across 100 feet of level ground." (para. 12, 14).

"This language provides no basis for implying a charge of [race] discrimination." *McCray v. Standard Oil Company*, 76 F.R.D. 490, 498 (N.D.Ill.1977). Even under the liberal notice pleading requirements of Rule 8, Fed.R.Civ.P., and the liberal perspective in which Title VII complaints are generally viewed, plaintiff's conclusory allegations of broad based racial discrimination in defendant's employment practices fail to pass muster. *See, McCray v. Standard Oil Co., supra*, 76 F.R.D. at 497; *Peak v. Topeka Housing Authority*, 78 F.R.D. 78, 85–86 (D.Kansas 1978); *United States v. Gustin-Bacon Division, Certainteed Products Corp.*, 426 F.2d 539, 543 (10th Cir. 1970). In order to meet minimum standards, the Plaintiff's complaint must set forth "fundamental facts reflecting a pattern or practice of racial discrimination." *McCray v. Standard Oil Co., supra*, 76 F.R.D. at 497; *United States v. Gustin-Bacon Division, supra*, 426 F.2d at 543. *See also, Williams v. General Foods Corp.*, 492 F.2d 399 (7th Cir. 1974); *Grohal v. Stauffer Chemical Co., Inc.*, 385 F.Supp. 1267 (N.D.Cal.1974).

The Court does not discount the possibility that plaintiff can cure the defect in her complaint by amending same to set forth some facts regarding the racial discrimination which she feels that she, herself, suffered in connection with her application with defendant for the position of public safety officer. However, the Court will not, on the basis of the present complaint, permit plaintiff to bootstrap a claim of racial discrimination, solely by virtue of the fact that she is black. Unless and until the perceived deficiency is cured, this action will proceed only on plaintiff's claim of sexual discrimination, and discovery will be limited to this claim.

■ The Court is also of the opinion that discovery, at this juncture, should be directed to, and thereby limited, as much as possible, to determining the maintainability of this cause as a class action. Although "[m]aintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, . . . ordinarily the determination should be predicated on more information than the pleadings provide." *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974), citing, *Huff v. N. D. Cass Co.*, 485 F.2d 710 (5th Cir. 1973). *See also, National Organization for Women v. Sperry Rand*, 88 F.R.D. 272 (D.Conn.1980); *Doctor v. Seaboard Coast Line Railroad Co.*, 540 F.2d 699 (4th Cir. 1978). When considering the class action question, "the district court must confine itself to the requirements of Rule 23 and not assess the likelihood of success on the merits." *Weathers, supra*, 499 F.2d at 1201. In *National Organization for Women v. Sperry Rand*, 88 F.R.D. 272, 277 (D.Conn. 1980), the district judge made the following comments about pre-certification discovery, with which this Court fully agrees:

The discovery permitted must be sufficiently broad in order that plaintiffs have a realistic opportunity to meet these requirements [of Rule 23, Fed.R.Civ.P.]; at the same time, the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas. Discovery is not to be used as a weapon, nor must discovery on the merits be completed precedent to class certification. . . . Unnecessarily broad discovery will not benefit either party (citation omitted).

■ The Court has already limited the scope of plaintiff's discovery to documents and information pertaining only to her claim of sexual discrimination. With the additional specific limitations set forth below, plaintiff is, however, entitled to an order compelling discovery which is directed toward identifying the existence of a class of women, who have suffered sexual discrimination from defendant's employment practices.

The first additional limitation is temporal in nature. Plaintiff has subpoenaed documents and information either for an unspecified period of time or dating back to January 1, 1968. She has set forth no cogent reasons to justify such broad requests. The Court will, therefore, "require plaintiff to confine her requests to the past five years...." *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 500 (N.D.Ill.1977). It should be noted that this restriction is not etched in stone. Upon a proper showing, the Court will entertain a request by plaintiff to modify this restriction.

The second limitation concerns plaintiff's requests for defendant's affirmative action programs. Obviously, she is entitled only to information dealing with sexual discrimination. With this in mind, the Court will permit discovery of statistical or factual data contained in these programs, as it may well be relevant to the class action question. See generally, *Banks v. Lockheed-Georgia Co.*, 53 F.R.D. 283, 285 (N.D.Ga.1971); *Dickerson v. U. S. Steel Corp.*, 14 F.E.P. 1448–1449 (E.D.Pa.1976). However, plaintiff will not be permitted to discover any "self-criticism and evaluation" that may be contained in these programs. *See, Banks, supra; Dickerson, supra.* Although the authorities are not uniform on this point, the Court believes that the public policy against disclosure of this type of information outweighs plaintiff's need therefor. *See, Banks, supra*, 53 F.R.D. at 285; *Dickerson, supra*, 14 F.E.P. at 1449; *Sanday v. Carnegie-Mellon University*, 12 F.E.P. 101 (W.D. Pa.1975). *Contra, Johnson v. W. H. Stewart Co.*, 75 F.R.D. 541, 543 (W.D.Okl.1976).

■ The Court is of the opinion that the foregoing discussion, together with the stated limitations, adequately describes the permissible scope of plaintiff's pre-certification discovery. The Court wishes to make a few additional comments regarding the means of discovery employed by plaintiff thus far in the proceedings. Given the alternative means available to obtain access for documents under Rule 34, Fed.R.Civ.P., and in light of the policy in this district in favor of minimizing "resort to judicial intervention in the discovery process," S.D.Ohio Rule 3.7.1, it appears neither necessary nor expeditious for plaintiff to invoke the Court's subpoena power to obtain the information she seeks from defendant. The better approach is to utilize the procedures set forth in Rule 34, which, for the most part, operate extrajudicially. Additionally, it is the heartfelt belief of this Court that counsel for the parties can work together to achieve agreement as to a reasonable time, place, and manner for production and inspection of the requested documents.

In any event, plaintiff's pre-certification discovery, and any similar, further discovery sought by defendant should be completed within fourteen (14) days of the receipt of notice of this decision and entry. Thereafter, the Court will consider plaintiff's motion for class certification. Finally, should plaintiff choose to amend her complaint to cure the defect therein regarding her claim of racial discrimination, said amended complaint should be filed no later than the close of business on the fourteenth day following date of receipt of notice of this decision.

B. *Motion to Intervene as Party Plaintiff*

On April 28, 1981, Raymond L. Jordan II, a black male, who completed the application and testing requirements for the position of pso with the defendant on September 6, 1980, filed a motion to intervene as party plaintiff. *See*, doc. # 19. Having determined that plaintiff Nash's complaint fails to allege facts sufficient to support a claim for racial discrimination, Jordan's motion to intervene is overruled, subject to renewal if

and when plaintiff has amended her complaint to cure this defect.