**Sonja V. JOHN, Plaintiff,**

v.

**The TRANE COMPANY, A DIVISION OF AMERICAN STANDARD INC.,**
**Defendant.**

**No. 91–6590–CIV.**

United States District Court,
S.D. Florida.

Sept. 17, 1993.

Richard J. Burton, Richard J. Burton & Associates, P.A., Dania, FL, for plaintiff.

John K. Stage, Holland & Knight, Ft. Lauderdale, FL, for defendant.

**ORDER**

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the plaintiff's Motion to Compel Response to Request for Production. The mo-

tion has been fully briefed, and is now ripe for ruling.

The plaintiff filed this action against the defendant, her former employer, alleging that she was terminated because she filed charges against them with the Equal Employment Opportunity Commission. In her third request for production, the plaintiff requested a copy of the company's affirmative action plan. The Trane Company objected to this request, and the plaintiff filed this motion to compel production of the requested plan. In response to this motion to compel, the defendant argues that it should not be required to produce this affirmative action plan, because the plan is protected by a self-evaluation privilege recognized by many courts.

Affirmative action plans are developed by companies pursuant to regulations promulgated under Title VII by the Secretary of Labor. Portions of these plans consist of self-evaluations by companies concerning minority employment and utilization. Although courts are divided on whether these self-evaluative portions of the affirmative action plans are discoverable, no court has held that a company's entire affirmative action plan is undiscoverable. With regard to the self-evaluative portions of the plans, some courts have refused to recognize any type of privilege, while others have held that protection of these documents is necessary to encourage frank evaluations by employers. 4 Moore's Federal Practice ¶ 26.60[3]; *O'Connor v. Chrysler Corp.*, 86 F.R.D. 211 (D.Mass.1980); *Banks v. Lockheed–Georgia Company*, 53 F.R.D. 283 (N.D.Ga.1971).

Florida courts have not yet addressed the issue of whether such a privilege exists in the employment discrimination context. However, they have recognized this type of privilege in the medical peer review context, based upon public policy concerns that self-evaluations be complete and candid. *See Segal v. Roberts*, 380 So.2d 1049 (Fla. 4th DCA1979); *Dade County Medical Association v. Hlis*, 372 So.2d 117 (Fla. 3d DCA1979).

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** that the plaintiff's Motion to Compel is **GRANTED** in part and **DENIED** in part. The defendant shall produce a copy of all portions of its affirmative action plan, except those portions which contain subjective evaluations made by the defendant's management.

**DONE AND ORDERED.**