**Carol CHRISTY and Gary Christy**

**v.**

**UNITED STATES of America.**

**Civ. A. No. 74–941–F.**

United States District Court,
N. D. Texas,
Dallas Division.

Aug. 7, 1975.

Roger L. Turner and William R. McGarvey, Dallas, Tex., for plaintiff.

William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM AND ORDER

PORTER, District Judge.

This is a Federal Tort Claims Act (28 U.S.C. § 2671 *et seq.*) case before the Court on the Plaintiff's Motion to Compel the United States to answer certain interrogatories.

In her complaint, the Plaintiff complains that she was raped by Howard Lane, an inmate at the Seagoville (Texas) Federal Correctional Institution, while she was visiting another inmate there. She alleges that the United States

was negligent in assigning Lane to Seagoville, a minimum custody institution, since Lane—according to her allegations —has previous conviction for crimes of violence and aggression.

Plaintiff's interrogatories ask the government to state (a) Lane's criminal record prior to December 12, 1973 (the date of the alleged rape), (b) whether he ever has been released from custody and reincarcerated for any reason, and (c) whether or not he ever has been in solitary confinement pursuant to Bureau of Prisons rules or regulations.

The Government responded as follows: (a) "Lane's record is on file at USP [United States Penitentiary], Terre Haute, Indiana. We may not furnish it without a proper release from the inmate Howard Lane." (b) and (c) "This information may not be disclosed without an authorization to release it signed by the person in question."

In its brief, the government says it "is not at liberty to invade the interests of privacy of Howard Lane, which are protected by statute and regulations, in the absence of a release by Howard Lane."

An examination of the statutes and regulations relied upon by the United States reveals that they are not sufficient to justify its refusal to answer the interrogatories.

■ The government first mentions a regulation under which, according to the brief, "dissemination of any information concerning a defendant's prior criminal record" by an employee of the Department of Justice is prohibited. The regulation in question, 28 C.F.R. § 50.2, is not so broad as the government states. The regulation begins "The availability *to news media* of information in criminal and civil cases . . ." (emphasis added). It then continues:

> The purpose of this statement is to formulate specific guidelines for the release of *such* information by personnel of the Department of Justice.

28 C.F.R. § 50.2(a)(1). (Emphasis added.) The regulation continues:

> (b) Guidelines to criminal actions.
>
> (1) These guidelines shall apply to the release of information to news media from the time a person is the subject of a criminal investigation until any proceeding resulting from such investigation has been terminated by trial or otherwise.

Thus it is seen that this regulation is clearly inapplicable to this proceeding.

The government next cites "the Bureau of Prisons' long standing policy" contained in its Policy Statement No. 2211.1A, Part 4.d, to the effect that third parties who request inmate records may not obtain them until and unless the inmate signs a release. "Otherwise, release of detailed information or records concerning an identified inmate is considered an unwarranted invasion of his personal privacy."

■ ■ It is commendable that the Bureau of Prisons wishes to protect the legitimate right to privacy of its inmates. However, its regulations cannot *create* a privilege binding on the Court. Unless a claimed privilege is the express product of a statutory grant, it is the province of the Court to assess the legitimacy of an assertion of privilege in response to interrogatories. *Rosee vs. Board of Trade of City of Chicago*, 35 F.R.D. 512, 515 (N.D.Ill.1964). I fail to see a legitimate privilege sufficient to bar discovery of Lane's record.

■ This brings us to the Freedom of Information Act, with its several exemptions. Congress has exempted from disclosure

> personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

5 U.S.C. § 552(b)(6). I simply cannot agree that the disclosure of Lane's criminal record to Plaintiff, under appropriate protective order, would be an inva-

sion of his privacy. Alternatively I hold that it is clearly *warranted* by the bearing it has on the Plaintiff's theory of her negligence case against the United States. To withhold the information sought is to cripple Plaintiff's case.

The government mentions finally the Privacy Act of 1974 as justification for withholding information about Lane. The easy answer to this, of course, is that the act has not yet become law.

The bill was approved December 31, 1974, and the provisions with which we are here concerned are to take effect 270 days later. 88 Stat. 1896, P.L. 93–579 (1974 U.S.Code Cong. & Admin.News p. 2177 at p. 2194).

 Even if it were law, another easy answer would remain. The bill provides, in what will be 5 U.S.C. § 552a(b)(11), that certain disclosures of personal data are prohibited "unless disclosure of the record would be pursuant to the order of a court of competent jurisdiction."

Rule 405(b) of the Federal Rules of Evidence provides:

> In cases in which character or a trait of character of a person is an essential element of a . . . claim . . ., proof may also be made of specific instances of his conduct.

In light of this rule, the information sought is discoverable. The possibility of injury to Lane resulting from disclosure of his criminal record is remote, and becomes even more remote considering the Court's ability to forestall any misuse of the information with the prophylaxis available under Rule 26(c).

It is accordingly ordered that the Defendant, within ten days of the date of entry of this Order, answer Plaintiff's interrogatories 11B, 11D, and 11E.

It is further ordered that the attorneys and parties to this suit not disclose to anyone else any information contained in the answers to the stated interrogatories without explicit authorization of this Court.