David **ROBERTS** et al., Plaintiffs,

v.

**NATIONAL DETROIT CORP.,**
**Defendant.**

No. 78–72454.

United States District Court,
E. D. Michigan, S. D.

April 1, 1980.

John P. Quinn, Detroit, Mich., for plaintiffs.

Seth M. Lloyd, Detroit, Mich., for defendant.

### MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §§ 1981 and 1988, and M.C.L.A. § 37.2101 *et seq.*

alleging racially discriminatory employment policies and practices. Plaintiff will seek class certification. The action is presently before the Court on a discovery matter.

On January 7, 1980, counsel for Plaintiffs filed a Motion to Compel discovery seeking to compel Defendant to answer certain interrogatories and produce certain documents pursuant to FRCP 33 and 34. Defendant filed its objection to Plaintiff's motion and in order to hear the parties' positions and to rule thereon, an Interim Pretrial Conference was held on January 7, 1980. While several discovery problems were resolved at that time, the Court reserved its decision on Defendant's objections to Interrogatories # 8, # 9, and # 10 and requests for Production # 1, # 3 and # 4. These interrogatories and requests concern data, records, programs, reports and reviews associated with the ascertaining compliance with government contract terms and Equal Employment Opportunity Agency requirements.[1]

Plaintiffs acknowledge that their discovery at this stage is confined to matters concerning class certification and assert that at this stage they seek information relevant to and necessary for adequate representation of the asserted class, to establish the appropriate class and to obtain such certification. They therefore maintain that the information contained in EEO-1s, AAPs, OFCCs and CRRs is relevant and discoverable under FRCP 26.

Defendant objects to this discovery and claims the information and materials sought by Plaintiffs are privileged. Defendant cites decisions which discuss the public policy considerations underlying such a privilege. Defendant argues that voluntary compliance with equal employment opportunity law and reporting procedures, as well as the quality of the reports, depends to a great extent on the good faith and candidness of employers in establishing affirmative action goals and in evaluating their programs. Conceding that the information and materials sought by Plaintiffs are relevant, Defendant urges this Court to recognize a "privilege" which would preclude discovery under Rule 26(a). Plaintiffs respond by citing decisions which either reject or limit the asserted privilege. ·

The Court has considered the briefs, citations and arguments of the parties and is fully advised.

While this Court is hesitant to find a "privilege" where none is legislatively or generally recognized, it is apparent that under these circumstances, evaluation of such a claimed "privilege" is a judicial function. *See Christy v. United States*, 21 FR. Serv.2d 209, 68 F.R.D. 375 (N.D.Texas, 1975). *See also* 4 *Moore's Federal Practice* ¶ 26.60[3].

There is a substantial question as to whether parties enjoy a privilege as to the information contained in EEO-1s, AAPs, OFCCs and CRRs,[2] and case law reflects a

---

1. Parties compile necessary data and provide reports pursuant to Title VII and Executive Order 11,246 as amended by Executive Order 11,375.

   Under Executive Order 11,246 as amended by Executive Order 11,375 and the rules and regulations issued by the Office of Federal Contract Compliance/Secretary of Labor, government contractors file such reports with the contracting agency having responsibility for the contract. For text of Executive Orders, *see* 3 CFR 169–177 (1974).

   AAPs are Affirmative Action Plans. EEO–1s are Equal Employment Opportunity Reports (Ethnic Composition Reports). OFCCs are Office of Federal Contract Compliance Reports.

   These reports include extensive information on staffing patterns, pay scales, shifts in employment, forecasts of future employment goals, timetables and projections, as well as

analysis of the employers' success in meeting such goals. *See Westinghouse Electric Corp. v. Schlesinger*, 4 Cir., 542 F.2d 1190, 1195 (1976).

   CRRs are Compliance Review Reports made by agencies in order to evaluate programs and compliance.

   The Equal Employment Opportunity Commission (EEOC) is authorized to obtain the information contained in EEO–1s, AAPs and CRRs under § 709(c) and (d) of the Civil Rights Act of 1964, 78 Stat. 263, as amended, 42 U.S.C. § 2000e-8(c) and (d) (1970 ed. Supp. III).

2. *See Chamber of Commerce v. Legal Aid Society of Alameda County*, 423 U.S. 1309, 96 S.Ct. 5, 46 L.Ed.2d 14 (1975) (where Justice Douglas as Circuit Judge denied the application for stay of the District Court's discovery order but acknowledged questions on the merits as to the existence of a privilege).

controversy as to whether such reports should be privileged from discovery. *Compare Stevenson v. General Electric Co.*, 26 FR. Serv.2d 574 (D.C., S.D.Ohio, 1978) (broad privilege recognized); *Brown v. Ford Motor Co.*, 19 EPD ¶ 8969 (N.D.Ga., 1978) (AAPs privileged while EEO–1s and OFCCs discoverable); and *Parker v. Kroger Co. Inc.*, 19 EPD ¶ 8995 (N.D.Ga., 1977) (AAPs, EEO–1s, OFCCs discoverable subject to limitations) *with EEOC v. ISC Financial Corp.*, 16 FEP ¶ 174 (W.D.Mo., 1977) (no privilege recognized).

Federal Equal Employment Opportunity law manifests a strong policy in favor of eradicating employment discrimination on account of race, sex or national origin. 42 U.S.C. § 2000e *et seq.*; Executive Order 11,246 as amended by Executive Order 11,-375. *See* fn. 1 supra. The Federal Rules of Civil Procedure encourage full discovery of all relevant, non privileged materials. FRCP 26. It is clear that a balance must be struck between the interest advanced by Plaintiff—that is, an interest in full discovery when seeking to establish that employment discrimination exists and that it exists as to a class, on the one hand; and the interest advanced by Defendant—that is, an interest in not discouraging voluntary and meaningful compliance with equal employment opportunity laws, on the other hand. *See Webb v. Westinghouse Electric Corp.*, 455 F.Supp. 821, 81 F.R.D. 431, 433 (E.D.Pa., 1978) (where the Court discusses the "potential guideposts" for application of the privilege and takes into account whether the reports are mandatory or voluntary and whether the information sought is subjective, i. e. "self critical analysis" or objective, i. e. statistics).

■ There being no guidance from the Sixth Circuit in this area, this Court believes the better view recognizes only a very limited or qualified "privilege" which protects only "self-critical analysis" of employers' equal employment opportunity goals and its evaluation of whether the goals are being attained. *See Webb v. Westinghouse Electric Corp., supra.* Statis-

tics and data included in the reports and available at the time the reports were made are not protected by the privilege and are discoverable. This approach appears to strike an appropriate balance and is in keeping with the public policy arguments outlined above.

Therefore, to the extent that Plaintiffs request all information or material, Defendant is not required to reveal or produce those portions which contain self-critical analyses. Where however, Plaintiffs seek objective material such as data or statistical information, either incorporated in the reports or available at the time the reports were made, Defendant is ordered to reply or produce. This Court declines, at this point, to conduct an in camera investigation or inspection in order to make this distinction and instead leaves proper compliance with these privileges in the first instance to the parties themselves. [*But see Brown v. Ford Motor*, 19 EPD ¶ 8969 (N.D.Ga., 1978), *Dickerson v. U.S. Steel Corp.*, 12 EPD ¶ 11,095 (E.D.Pa., 1976) (where courts conducted in camera investigations)].

In the event problems of compliance with the order hereafter authorized arise, the matter will be referred to a magistrate for such an investigation and inspection.

The limited privilege set out above clearly applies to AAPs, and extends to EEO–1s and OFCC Reports only to the extent that they contain discussions of defendant's affirmative action plans (AAPs) or similar "self-critical analysis." Such portions may be omitted from the documents produced. *See Parker v. Kroger, supra.*

Similarly, review reports of agencies (CRRs) are subject to the same limited privilege. Therefore, portions of CRRs which contain references to or incorporate self-critical analysis portions of the employer's original plans or reports, may be omitted. See *Brown v. Ford Motor Co., supra; Dickerson v. U.S. Steel, supra.*

As to the investigations conducted by Defendants themselves, this Court finds that they are not discoverable since they fall on

the self-critical analysis side of the balance and within the limited "privilege" set out above. *See Bank v. Lockheed-Georgia Co.*, 53 F.R.D. 283 (N.D.Ga., 1971) (where Plaintiffs in discriminative suits were not entitled to obtain copies of report prepared by employer's research team which had been appointed to study employer's problems in the area of equal employment opportunities since the report contained candid self-analysis and evaluation of employer's action). *See also, Webb v. Westinghouse Electric Corp.*, supra; *Stevenson v. General Electric Co.*, supra.

■ Furthermore, Defendant is ordered to answer and produce irrespective of its argument that Plaintiffs are already in possession of such data in another form. *See Dickerson v. U.S. Steel Corp., supra; Webb v. Westinghouse Electric Corp., supra. But see Sanday v. Carnegie Mellon Univ.*, 11 EPD ¶ 10,569 (W.D.Pa., 1975) (where court held Defendant need not disclose AAPs especially when much of the information had already been supplied by answers to interrogatories).

In conclusion, Defendant is hereby ordered to answer interrogatories # 8 and # 9 to the extent that those interrogatories seek data and statistical information about government contracts, reports and reviews without inquiring into "self-critical analysis" portions of such reports. Furthermore, Defendant is hereby ordered to respond to Interrogatory # 10 subject to the limited "privilege" outlined above.

As to Plaintiffs' first request for production of documents, Defendant is hereby ordered to provide copies of AAPs adopted by the bank subject to deletion of portions containing "self-critical analysis."

As to Plaintiff's third request for production of documents, the Court finds investigations done by agents, representatives and employees of the Bank to be "privileged" to the extent that they include "self-critical analysis."

As to Plaintiff's fourth request for production of documents, the Court finds the AAPs themselves discoverable subject to the limited privilege set out above.

IT IS SO ORDERED.