**Arline L. BRINKERHOFF, Individually and on behalf of all other women similarly situated, Plaintiff,**

**Linda Amison Birdine, Intervenor,**

**v.**

**ROCKWELL INTERNATIONAL CORPORATION, Collins Radio Company, North American Rockwell Corporation, and North American Aviation, Inc., Defendants.**

**Civ. A. No. 3–79–0425–H.**

United States District Court,
N. D. Texas,
Dallas Division.

Sept. 18, 1979.

---

James C. Barber, Carol Buehrens, Simon & Twombly, Dallas, Tex., for plaintiff.

Ernest E. Figari, Jr., Hewett, Johnson, Swanson & Barbee, Dallas, Tex., Wayne A. Schrader, Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendants.

## OPINION AND ORDER

SANDERS, District Judge.

This is a Title VII complaint, 42 U.S.C. 2000e, alleging sex discrimination. Plaintiff, a female employee of defendants,[1] is suing on behalf of herself and a putative class of female employees at defendants' Dallas County facilities. She has filed an across-the-board class complaint which alleges sex discrimination in the defendants' employment policies and practices, i. e. hiring, job classification, promotion, wages, and other terms, conditions, and privileges of employment. The class has not been certified and the Court has not held a class certification hearing.[2] The parties have limited discovery to matters relevant to class certification. The case is now before the Court on a discovery dispute.

During a preliminary conference in Court, defendants moved to compel discovery of the names and nature of the claims of putative class members whom plaintiff alleges have also suffered sex discrimination at the hands of defendants. Defendants have filed a brief arguing the relevance of this discovery. Plaintiff has responded with a Motion for a Protective

1. Plaintiff has worked for defendants for twenty-five years in nonmanagement, nonsupervisory, exempt (nonunion) positions.

2. Plaintiff has moved the Court to certify a class defined as: "All rejected female applicants for positions with defendants, and female employees of defendants, at any of their Dallas County facilities, who could have filed EEOC charges as of March 7, 1977, and who have been discriminated against because of their sex by defendants in hiring, promotions, pay, transfer, discharge, or other terms and conditions of employment."

Order which would stay the release of the identity of class members until after certification. The issue is whether in a Title VII suit before certification a defendant employer can discover the names of putative class members who are employed by defendants and who are not parties or witnesses. In order to obtain the discovery before certification defendants must show that the identification of these class members and their claims is relevant to one of the four findings necessary to maintain a Rule 23 class action—numerosity, typicality, commonality, or adequacy. The Court concludes that the names and the claims of the putative class members are not relevant, and therefore not discoverable, before certification.

■ Plaintiff has provided defendants a list of class members identified only as Jane Doe 1 through Jane Doe 80. The list does not purport to include all the women who have claims of sex discrimination. In the list plaintiff stated the employment status of the putative class members, whether an employee or former employee, and has provided a very general identification of the grievance of each member, e. g. "promotion", "salary", "classification". The women whose names are in issue have not filed EEOC charges, are not named parties, have not assented to participate as witnesses, and have given no statements which have not already been provided to defendants. All but five of the listed women are current employees of defendants. If the Court does not certify a class, the names of these women would never need to be revealed. If the Court does certify a class, plaintiff's counsel has agreed to reveal the names subject to an appropriate order against communication with class members.[3]

Defendants argue they need to know the names of these class members in order to prepare a defense on the issues of numerosity, commonality, and typicality. Plaintiffs argue these names are relevant only to the impermissible inquiry of the merits of each claim. Plaintiff represents to the Court that its class complaint will be proved or disproved by use of statistics, and not by individual anecdotes of class members. Plaintiff does not deny defendants are entitled to know the nature of the claims of these putative class members. Plaintiff asserts deposing plaintiff would better balance the interests of the parties and the putative class members.

The cases cited by defendants hold a class action plaintiff must be able to identify others within the class who have suffered discrimination. See, e. g., Wright v. Stone Container Corp., 524 F.2d 1058 (8th Cir. 1975); Taylor v. Safeway Stores, Inc., 524 F.2d 263 (10th Cir. 1975). On this burden of proof the requirements of numerosity, commonality, and typicality fuse into an inquiry of whether plaintiff's claim is so peculiar that there do not exist sufficient numbers of other employees who have similar sex discrimination claims. This plaintiff has not merely made conclusory statements that there exists a "group of unidentified or unknown discriminatees." Murray v. Miller Transporters, Inc., 17 Empl.Prac.Dec. ¶ 8626 (N.D.Miss.1978). She has also identified more than one or two victims of sex discrimination, unlike plaintiff in Clark v. Virginia Paper Co., 17 Fair Empl.Prac.Cas. 581 (D.S.C.1978). She has provided a partial list of the class members who have similar sex discrimination claims.

■ Defendants have failed to show why they need the names of these putative class members to defend against Plaintiff's claims of numerosity and commonality. Nor do defendants show a need to know the names of these women to evaluate the typicality of their claims. Defendants only need to know what the claims are, not who made them, to assess the similarity of those claims and plaintiff's claims. Typicality requires "that the claims or the defenses of the class 'resemble' or 'exhibit the essential characteristics of' those of the representatives." Pendleton v. Schlesinger, 73 F.R.D.

---

3. The Fifth Circuit has recently approved the Manual for Complex Litigation order prohibiting communication with class members after certification. Bernard v. Gulf Oil Co., 596 F.2d 1249 (1979).

506, 509 (D.D.C.1977). Resemblance and characteristics of a claim can be evaluated without knowing the identity of the claimant.

The Court is aware of only two cases in which courts have compelled disclosure of names in a discrimination suit. In *Lewis v. J. P. Stevens & Co.*, 11 Fair Empl.Prac.Cas. 364 (D.S.C.1975), the court granted, after certification, defendant's motion to compel the disclosure of the names of persons who had consented to be class members and the names of witnesses who would testify at trial. The facts distinguishing this case from the current dispute are the stage of litigation—after certification—and the affiliation of the class members with the class representatives. In *Southern Methodist University Women Law Students' Association v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979), the court held parties cannot sue under fictitious names. The court also approved the trial court's order compelling disclosure of the names of plaintiff's current members and the names of those women who alleged discrimination by defendants. Unlike the case before the court, class certification was not at issue.[4] Moreover, the court ordered the disclosure only of the names of women who were parties or who were affiliated with the plaintiff association.

■ The court agrees with plaintiff that the only reason defendants need the names is to inquire about the merit of the claims of the putative class members. It is well settled that the merit of the claim of the class representative is irrelevant at the class certification hearing. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). It follows that the merit of the claims of class members is also irrelevant at the certification hearing.

The court acknowledges defendants' need to know the general nature of the claims in order to argue plaintiff's claim is not typical and is peculiar. But defendants can obtain this information by taking plaintiff's deposition and asking her to describe the nature of the claims of the putative class members. The court is relying on plaintiff's representation she does not intend to present the putative class members at the class certification hearing unless those members have been identified to defendants. If plaintiff can prove the need for class action treatment without using the names of these putative class members, defendants can certainly defend against class certification without knowing the names of the putative class members.

■ The court does not propose a *per se* ban on the discovery of the names of nonparty putative class members. This case may be unusual because plaintiff is diligently protecting the identities and does not intend to use their testimony at the certification hearing. But any court compelling disclosure of nonparty class members who are current employees of defendants should heed the admonition of the Supreme Court in *NLRB v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978).

> "The danger of witness intimidation is particularly acute with respect to current employees—whether rank and file, supervisory, or managerial—over whom the employer, by virtue of the employment relationship, may exercise intense leverage. Not only can the employer fire the employee, but job assignments can be switched, hours can be adjusted, wage and salary increases held up and other more subtle forms of influence exerted. . . ."

4. It is unclear from reading the opinion whether a class had been certified. The complaint was filed by the association and the anonymous plaintiffs on behalf of the association's members and other women similarly situated. 599 F.2d at 708–09. The court reasoned defendants needed the names to defend the lawsuit. 599 F.2d at 714. This opening of the door to merit discovery suggests the action was either not a class action under Rule 23, or the class had been certified. Even if this discovery dispute arose before certification, the court appropriately entered a protective order limiting the disclosure of the names of the nonparty women to two partners of defendants. *Id.*

437 U.S. at 240, 98 S.Ct. at 2326. Whatever relevance might exist in a particular case should be balanced against the dangers of employer intimidation and harassment. The relief of filing a Title VII retaliation charge pursuant to 42 U.S.C. 2000e–3(a) may be too little and too late. "[The] possibility of deterrence arising from *post hoc* disciplinary action is no substitute for a prophylactic rule that prevents the harm . . . ." *NLRB v. Robbins*, 437 U.S. at 239–40, 98 S.Ct. at 2325. One danger present in class actions suit, which is not present in unfair labor practice actions like *Robbins*, is that defendant employer could approach the identified putative class members and attempt to compromise or settle out their claims. At this precertification stage in a 23(b)(2) class action, these employees have received no notice of their rights. Defendants are not now subject to a protective order against such communications. See note 3 *supra*.

Plaintiff's motion for a protective order is therefore GRANTED as follows.

Plaintiff shall be available upon reasonable notice for the taking of her oral deposition and will be required to answer questions regarding her knowledge of the nature of the claims of the putative class members. However, she will not be required to answer questions about the identity of the putative class members.

The class certification hearing is set for February 18, 1980, at 9:30 A.M., discovery to be completed by 5:00 P.M., January 28, 1980, and pretrial order pursuant to Local Rule 7.1 to be filed by 5:00 P.M., February 8, 1980.

SO ORDERED.

