**Ruby D. HINTON**

v.

**ENTEX INC.**

**No. TY–80–445–CA.**

United States District Court,
E. D. Texas,
Tyler Division.

Sept. 23, 1981.

Larry Daves, Daves & McCabe, Tyler, Tex., for plaintiff.

Tony Rosenstein, Baker & Botts, Houston, Tex., for defendant.

## ORDER

STEGER, District Judge.

This employment discrimination suit arises out of Ruby Hinton's tenure of employment with Entex, Inc. (Entex). Ms. Hinton, a black female, was employed as a clerk at Entex's office located in Jacksonville, Texas. She worked for Entex from 1974 until she was discharged on December 5, 1979, for allegedly mishandling company funds. She subsequently filed a charge of discrimination with the EEOC in which she alleged that she was discharged because of her race.

The EEOC determined "that examination of the evidence indicates that there is not reasonable cause to believe the allegation to be true." After receiving her right to sue letter, Plaintiff initiated this action in which she seeks to represent a class of "all past, present, and future Black employees and Black applicants for employment with Defendant, Entex, Inc., located in the State of Texas." She seeks to challenge Entex's hiring, promotion and discharge policies. She also is alleging that blacks are subjected to disparate terms and conditions of employment. No reference is made to any related suits or pending charges of discrimination. Her allegations of across-the-board discrimination, complaining of the Defendant's practices on a state-wide basis shed little light on the propriety of allowing this Plaintiff, the only named class representative, to prosecute the claims, if any, of all blacks employed by Entex in Texas.

Resolution of the pending discovery motions in this case necessitates a preliminary ruling from the Court on what the permissible scope of discovery should be under the facts alleged by the parties. Having carefully examined the Plaintiff's Complaint, her Motions to Compel and the facts she has alleged in support of her position, the Court is of the opinion that the scope of discovery should be limited to the facility at which the Plaintiff was employed.

Plaintiff, in an effort to support her contention that this lawsuit should be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, seeks discovery relating to the employment practices and policies of Entex at all facilities within the State of Texas. Entex voluntarily supplied the information requested as to its Jacksonville facility where the Plaintiff was employed, but objected to discovery of information on a state-wide basis on the grounds that said information is not relevant to the subject matter of the pending suit. *See* Rules 26(b) and 33, Fed.R. Civ.P.

In her motions to compel discovery, Plaintiff argues that all of the information is relevant because she has alleged an across-the-board attack on Entex's employment practices within Texas and that the requested information is relevant to the class certification issue. The Plaintiff's argument is not without some merit. However, it is significant that nothing in the record indicates whether the administrative investigation conducted by the EEOC uncovered any evidence of discriminatory practices or policies at facilities other than the one at which the Plaintiff was employed.[1] It is also significant that the Plaintiff has not made any specific factual allegations of discrimination that pertain to any facility of Entex other than the one located at Jacksonville. To burden Entex with having to provide the requested information relating to all its facilities would be to condone the fishing expedition condemned by Judge Thornberry in *Marshall v. Westinghouse Electric Corporation*, 576 F.2d 588, 592 (5th Cir. 1978). In this case, as in *Falcon v. General Telephone Company*, 626 F.2d 369, 376 (5th Cir. 1980), *vacated on other grounds*, 450 U.S. 1036, 101 S.Ct. 1752, 68 L.Ed.2d 234 (1981), *reinstated in part* 647 F.2d 633, (5th Cir. 1981), *cert. granted*, —— U.S. ——, 102 S.Ct. 668, 70 L.Ed.2d 637, the local facility of the Defendant employer is

---

1. *See Fellows v. Universal Restaurants, Inc.*, Civil Action No. CA3–80–1328 (N.D.Tex. June 16, 1981) (50 L.W. 2016). In *Fellows*, Judge Porter concluded that jurisdiction over a Title VII class action suit exists only if the class claims were made in the EEOC charge or were substantiated in the subsequent EEOC investigation.

responsible for most of the employment decisions. Initially, it appears that the Plaintiff's class action allegations should be limited to challenging the policies of Entex at its Jacksonville location. *See Falcon, supra; Marshall, supra; Hill v. American Airlines, Inc.,* 479 F.2d 1057 (5th Cir. 1973).

Accordingly, it is ORDERED that Plaintiff's Motion to Compel Discovery (filed April 15, 1981) and Plaintiff's Motion to Compel Production of Documents (filed August 6, 1981) are hereby DENIED. The Court leaves it open for the Plaintiff to seek discovery on a state-wide basis if she is able to factually demonstrate that she should be allowed to represent the interests of all of the blacks employed by Entex within the State of Texas. At the present time, the Plaintiff's allegations do not convince the Court that the parameters of the class she seeks to represent should be defined that broadly.

It is further ORDERED that a hearing on the pending motion for class certification shall be held on the 8th day of October, 1981, at 9:00 A.M. at Tyler, Texas.