John W. WITTEN

v.

**A.H. SMITH AND COMPANY, A.H. Smith Sand and Gravel Company, Davis Sand and Gravel Corporation, A.H. Smith, Sr., and A.H. Smith, Jr.**

Civ. A. No. M–82–3198.

United States District Court, D. Maryland.

May 16, 1984.

Frederic R. Kellogg, Washington, D.C., Beverly G. Stone, Greenbelt, Md., and William D. Patkus, Fairfax Station, Va., for plaintiff.

Stephen D. Shawe, J. Michael McGuire, and Shawe & Rosenthal, Baltimore, Md., for defendants.

MEMORANDUM AND ORDER

JAMES R. MILLER, District Judge.

The plaintiff, John W. Witten, filed this putative class action alleging unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983(3). (Paper No. 1). The complaint was later amended, as this court directed, *Witten v. A.H. Smith & Co.,* 567 F.Supp. 1063, 1072 (D.Md.1983), to allege specific state law claims, wrongful or abusive discharge and intentional infliction of emotional distress. (Paper No. 17).

On September 6, 1983, the plaintiff filed a Motion to Compel Production of Documents by the defendants in this case, (Paper No. 24), and the defendants filed an opposition. (Paper No. 29). Two issues remained after the parties complied, as directed by this court, with Local Rule 34. The parties disagreed as to the proper geographic scope of the discovery requests, and the defendants refused to produce the requested affirmative action plans and EEO-1 reports. In its Order of January 3, 1984, this court held that the plaintiff was entitled to discovery of the defendants' affirmative action plans and EEO-1 reports, and the appropriate protective order was signed. (Paper No. 34). *Witten v. A.H. Smith & Co.*, 100 F.R.D. 446 (D.Md.1984). The court permitted the defendants fifteen (15) days to supplement the record regarding the geographic scope over which the plaintiff might compel discovery. The defendants have filed their Supplemental Memorandum, (Paper No. 32), to which the plaintiff has filed an Opposition. (Paper No. 33). The defendants also filed a Reply. (Paper No. 35).

The defendants have also filed a Motion to Dismiss and for Summary Judgment. (Paper No. 36). The plaintiff has filed an Opposition to that motion (Paper No. 38), to which the defendants have filed a Reply. (Paper No. 39). The plaintiff has also filed a Motion for a Modification of the Scheduling Order. (Paper No. 40).

## I. *Motion to Compel*

■ As this court noted earlier, the discovery to be permitted in cases in which discrimination is alleged on both an individual and a classwide basis must be sufficiently broad in scope to provide the plaintiff the opportunity to obtain the necessary evidence to satisfy the requirements of Rule 23 and, if a genuine class exists under that rule, to prove the allegations of classwide discrimination. *General Telephone Co. v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Doctor v. Seaboard Coast Line R. Co.*, 540 F.2d 699, 707 (4th Cir.1976). Nevertheless, the scope of discovery must not be so broad that it be-

comes overly burdensome, irrelevant, or an invasion of privileged matters, *National Organization of Women v. Sperry Rand*, 88 F.R.D. 272, 277 (D.Conn.1980), and "[i]t is an abuse of Fed.R.Civ.P. 23 to make unsupported charges of classwide discrimination in the hope that broad scale discovery may turn up some evidence to support the charges." *Cutner v. Atlantic Richfield Co.*, 16 Fair Empl.Prac.Cas. 743, 744 (E.D.Pa.1977). Consequently, discovery is subject to reasonable limitations imposed by the trial court in its discretion, after balancing the needs and rights of both plaintiffs and defendants and after reviewing the facts before the court. *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983); *Sperry Rand*, 88 F.R.D. at 277.

When the plaintiff in a putative class action employment discrimination case seeks discovery from every facility operated by the defendant, the courts have imposed geographic limitations. *See, e.g., Falcon v. General Telephone Co.*, 626 F.2d 369, 376 (5th Cir.1980), *rev'd on other grounds*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Joslin Dry Goods Co. v. EEOC*, 483 F.2d 178, 183–84 (10th Cir. 1973); *Hinton v. Entex Inc.*, 93 F.R.D. 336 (E.D.Tex.1981); *Sperry Rand*, 88 F.R.D. at 278 & n. 8; *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 62–63 (E.D.Pa.1979); *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 500 (N.D.Ill.1977); *Canty v. Phillip Morris U.S.A.*, 18 Fair Empl.Prac.Cas. (BNA) 86, 87–88 (E.D.Pa.1978); *Cutner*, 16 Fair Empl.Prac.Cas. at 743.

Before imposing geographic limitations on discovery, courts examine the circumstances surrounding the particular case for the purpose of determining whether the facilities from which discovery is requested are independent operations, *Joslin*, 483 F.2d 178, whether there is employee movement between the independent facilities, *McClain*, 85 F.R.D. 53, whether the putative class would be manageable, *Sperry Rand*, 88 F.R.D. 272, and whether the case may be pursued as a class action. *Hinton*, 93 F.R.D. 336.

In the present case, the plaintiff was hired by Superintendent John Gessner· at the Davis Sand & Gravel Corporation in

Clinton, Maryland. Davis Sand & Gravel Corp. was acquired by A.H. Smith, Sr. as a corporation, and it is still operated as a corporation of which Smith, Sr. owns all of the stock, (Paper No. 32, Smith, Sr. Dep., at 5–7, 32–34; Affidavit Smith, Sr. ¶ 2). A.H. Smith, Sr. owns, as a sole proprietor, fifteen other construction-related facilities located in Maryland and Virginia. (Paper No. 32, Smith, Sr. Dep. at 7–12; Smith, Sr. Affidavit ¶ 3). These facilities include operations performing sand and gravel mining and processing, cement manufacturing, asphalt production, excavation, cement and concrete mixing, truck hauling, and road construction. (Paper No. 32, Smith, Sr. Dep. at 7–12, 29–30; Smith, Sr. Affidavit ¶ 1). The plaintiff worked on loan for several periods of time at Smith, Sr.'s Brandywine sand and gravel location, which is located 4½ miles from the Davis Sand and Gravel Corp., under the direction of superintendent Dennis Critchley. (Paper No. 32, Witten Dep. at 130, 209, Smith, Sr. Affidavit ¶ 5 & Exh. 2, Gessner Affidavit ¶¶ 5, 6 & 7, Critchley Affidavit ¶¶ 5, 6, 7, 8 & 9).

Each of the A.H. Smith, Sr. sole proprietorship facilities has a superintendent who reports directly either to Smith, Sr., to Smith, Jr. or to a general superintendent in charge of a particular product produced. (Smith, Sr. Affidavit ¶¶ 3 & 6; Smith, Sr. Dep. at 18, 22–28). While Smith, Sr. as sole proprietor has complete control of the policies of the various facilities and the policies regarding vacations and health insurance are set up by him for each of the facilities, (Smith, Jr. at 11, 14; Smith, Sr. at 45–46), the superintendents of the various facilities have the responsibility for the day-to-day management of the facilities, including of importance to this case all responsibilities in connection with hiring, firing, promotions, initial salary, increases in salary and disciplinary decisions. (Smith, Sr. Dep. at 15, 22, 38, 54, 61; Smith, Sr. Affidavit ¶¶ 7 & 11; Gessner Dep. at 8, 12, 15, 17 & 48; Gessner Affidavit ¶¶ 3–4; Critchley Dep. at 74; Critchley Affidavit ¶ 2).

The payroll accounts for the sole proprietorship facilities are maintained by the function of the business, i.e., sand and gravel, asphalt, etc. Each corporation owned or controlled by Smith, Sr. has its own payroll account and checks. (Smith, Sr. Dep. at 34–36; Smith, Sr. Affidavit ¶ 9).

These facts establish that the plaintiff was employed at the Davis Sand & Gravel Corp., an independent corporate entity, distinct from the other A.H. Smith facilities which are operated as a sole proprietorship. The plaintiff was loaned to work at one of the facilities operated by A.H. Smith as a sole proprietorship but there is no indication of his employment with other facilities. A.H. Smith, Sr., because of this interchange of personnel between Davis Sand & Gravel and the Brandywine Sand & Gravel facility, has agreed to produce the documents requested by the plaintiff for the Brandywine facility and has agreed to produce the documents requested by the plaintiff for the other facility supervised by Dennis Critchley, the superintendent of the Brandywine Sand & Gravel facility.

It is undisputed that the superintendents of each of the facilities decides whether an employee should receive the benefits set up by Smith, Sr., and whether an employee should be fired, disciplined, promoted, or receive a salary increase. In short, the evidence reveals that the decisions regarding the conduct of which the plaintiff complains are made by the superintendents of each facility. Therefore, discovery should properly be limited to those facilities for which the defendant has already produced or agreed to produce discovery. The facts that Smith, Sr. has the power to control all aspects of his business, as any sole proprietor would, and that a superintendent might discuss his evaluations of an employee with Smith, Jr. are insufficient to demonstrate that the neutral policies set by Smith, Sr. are centrally applied uniformly at every facility and that, therefore, discovery as to every sole proprietorship facility should be permitted.

In addition to the above, a review of the file, as presently before this court, reveals that the plaintiff has not asserted a class claim in the charge filed with the EEOC. (Paper No. 1, Exh. 2). As in *Hinton,* 93 F.R.D. 336, this court finds it especially burdensome to the defendant to have to

produce discovery regarding facilities other than the one of which the EEOC conducted an investigation. *See Foit v. Suburban Bancorp.*, 549 F.Supp. 264, 266 (D.Md. 1982).[1]

Accordingly, this court concludes that the remaining portion of the plaintiff's Motion to Compel should be denied. As the issue of class certification is still pending, a disposition of the Motion for Summary Judgment is inappropriate. As the discovery produced or agreed to be produced has now been held to be the appropriate scope, additional discovery is unnecessary and the scheduling order is amended below.

For the reasons stated above, it is this 16th day of May, 1984, by the United States District Court for District of Maryland, ORDERED:

1. That the Motion to Compel filed by the plaintiff regarding the issue of geographic scope of discovery be, and the same is hereby, DENIED.

2. That the Scheduling Order is amended as follows:

| | |
|---|---|
| Class Certification Motion & Memorandum of Exhaustion Administrative Relief of Class Claims Filing Date | June 1, 1984 |
| Supplementation of Summary Judgment Motion Filing Date | June 1, 1984 |
| Hearing if necessary on above Motions | July 20, 1984 at 10:00 a.m. |
| Pre-Trial Conference | September 5, 1984 at 5:00 p.m. |
| Trial Date | September 10, 1984 at 10:00 a.m. (9:30 a.m. voir dire) |

1. The plaintiff is directed to demonstrate, at the time the class certification motion is to be filed, that the class claims alleged in his complaint were administratively exhausted.